IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 20-27-GF-BMM-JTJ |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| RUSSELL ROBERT MODDISON, | |
| Defendant. | |

## I. Synopsis

Defendant Russell Robert Moddison (Moddison) has been accused of violating the conditions of his supervised release. (Docs. 41 and 50). Moddison admitted violations 1-4 and 6. The Court determined the Government met its burden of proof regarding allegation 5. Moddison's supervised release should be revoked. Moddison should be sentenced to custody for 4 months, with 44 months of supervised release to follow. During the first 180 days of supervised release, Moddison shall be subject to home confinement.

## II. Status

On August 19, 2020, Moddison pleaded guilty to the offense of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §

841(a)(1); 841(b)(1)(B) and 18 U.S.C. § 2 as charged in Count 2 of the Indictment. (Doc. 22) Moddison was sentenced to 72 months of custody, followed by 4 years of supervised release. (Doc. 39) Moddison's current term of supervised release began on May 10, 2024.

### Petition

On December 26, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Moddison's supervised release. (Doc. 41) The Petition alleged Moddison violated the conditions of his supervised release by: (1) operating a motor vehicle without the permission of his probation officer on December 6, 2024; (2) using methamphetamine during the week of December 26, 2024; (3) consuming alcohol during the week of December 26, 2024; and (4) failing to report to his probation officer as instructed on December 26, 2024.

### Initial Appearance

Moddison appeared before the Court on January 7, 2025. Moddison was represented by counsel. Moddison stated that he had read the Petition and that he understood the allegations against him. Moddison waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Moddison appeared before the Court on January 7, 2025. Moddison admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) operating a motor vehicle without the permission of his probation officer on December 6, 2024; (2) using methamphetamine during the week of December 26, 2024; (3) consuming alcohol during the week of December 26, 2024; and (4) failing to report to his probation officer as instructed on December 26, 2024. Moddison's violations are serious and warrant revocation of his supervised release. The Court continued Moddison's sentencing until April 8, 2025.

**Amended Petition**

On January 16, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Moddison's supervised release. (Doc. 50) The Amended Petition alleged Moddison violated the conditions of his supervised release by the added violations of: (5) failing to be present at his residence on January 14, 2025, to meet with his probation officer as instructed; and (6) failing to comply with substance abuse testing requirements on January 14, 2025.

**Second Revocation hearing**

Moddison appeared before the Court on February 12, 2025. The Court noted that on January 7, 2025, Moddison admitted to violating the conditions of his supervised release as set forth in the Petition. Moddison then admitted violation (6)

and the Court heard testimony from United States Probation officer Thomas Kelly regarding allegation (5). Following such testimony, the Court determined that the Government had met its burden to show that allegation (5) was more likely than not true. Moddison's violations 1-6 are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Moddison appeared before the Court on February 12, 2025. Moddison's violations are Grade C. His criminal history category is IV. Moddison's underlying offense is a Class B felony. Moddison could be incarcerated for up to 36 months. Moddison could be ordered to remain on supervised release for up to 48 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Moddison's supervised release should be revoked. Moddison should be sentenced to custody for 4 months, with 44 months of supervised release to follow. During the first 180 days of supervised release, Moddison shall be subject to home confinement.

### IV. Conclusion

The Court informed Moddison that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also

informed Moddison of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Moddison that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That RUSSELL ROBERT MODDISON has violated the conditions of his supervised release by: (1) operating a motor vehicle without the permission of his probation officer on December 6, 2024; (2) using methamphetamine during the week of December 26, 2024; (3) consuming alcohol during the week of December 26, 2024; (4) failing to report to his probation officer as instructed on December 26, 2024. (5) failing to be present at his residence on January 14, 2025, to meet with his probation officer as instructed; and (6) failing to comply with substance abuse testing requirements on January 14, 2025.

The Court **RECOMMENDS**:

That the District Court revoke Moddison's supervised release and sentence Moddison to custody for 4 months, with 44 months of supervised release to follow. During the first 180 days of supervised release, Moddison shall be subject to home confinement.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of February 2025.

John Johnston
United States Magistrate Judge