IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-27-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| RUSSELL ROBERT MODDISON, | |
| Defendant. | |

## I.    Synopsis

Defendant Russell Robert Moddison (Moddison) has been accused of violating the conditions of his supervised release. (Docs. 63 and 66). Moddison admitted the violations. Moddison's supervised release should be revoked. Moddison should be sentenced to custody for 6 months, with 38 months of supervised release to follow. During the first 180 days of supervised release, Moddison shall be placed in a residential reentry center as directed by his probation officer. If such placement is not possible within the first 180 days, Moddison shall be placed in the residential reentry center as soon as practicable thereafter, at the direction of his probation officer. During the term of his supervised release, Moddison shall not be subject to home confinement or location monitoring.

## II.    Status

On August 19, 2020, Moddison pleaded guilty to the offense of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1); 841(b)(1)(B) and 18 U.S.C. § 2 as charged in Count 2 of the Indictment. (Doc. 22) Moddison was sentenced to 72 months of custody, followed by 4 years of supervised release. (Doc. 39) Moddison's current term of supervised release began on May 10, 2024.

### Petition

On June 12, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Moddison's supervised release. (Doc. 63) The Petition alleged Moddison violated the conditions of his supervised release by: (1) failing to report to his probation officer as directed on May 24, 2025; (2) failing to comply with the rules and regulations of his location monitoring program on May 28, 2025; (3) failing to comply with substance abuse testing requirements on May 28, 2025; (4) failing to comply with the rules and regulations of his location monitoring program on May 29, 2025; (5) failing to comply with the rules and regulations of his location monitoring program on May 30, 2025; (6) failing to comply with the rules and regulations of his location monitoring program on May 31, 2025; (7) failing to comply with the rules and regulations of his location monitoring program on June 1, 2025; (8) failing to comply with the rules and

regulations of his location monitoring program on June 2, 2025; (9) failing to be employed for at least 30 hours per work between May 29, 2025 and June 2, 2025 without the approval of his probation officer; (10) failing to comply with the rules and regulations of his location monitoring program on June 3, 2025; (11) failing to comply with the rules and regulations of his location monitoring program on June 4, 2025; (12) failing to comply with the rules and regulations of his location monitoring program on June 5, 2025; (13) failing to be employed for at least 30 hours per work between June 3, 2025 and June 6, 2025 without the approval of his probation officer; (14) failing to advise his probation officer of a change of residence within seventy-two hours of becoming aware of a change in residence or expected change in residence; (15) failing to comply with the rules and regulations of his location monitoring program on June 8, 2025; and (16) failing to report to his probation officer on June 12, 2025 as instructed.

**Amended Petition**

On June 25, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Moddison's supervised release. (Doc. 66) The Amended Petition alleged Moddison violated the conditions of his supervised release by the added violation of: (17) using methamphetamine between May 28, 2025 and June 4, 2025.

**Initial Appearance**

Moddison appeared before the Court on June 26, 2025. Moddison was represented by counsel. Moddison stated that he had read the Petition and that he understood the allegations against him. Moddison waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Moddison appeared before the Court on June 26, 2025. Moddison admitted that he had violated the conditions of supervised release as set forth in the Amended Petition. Moddison's violations, 1-17, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Moddison appeared before the Court on June 26, 2025. Moddison's violations are Grade C. His criminal history category is IV. Moddison's underlying offense is a Class B felony. Moddison could be incarcerated for up to 36 months. Moddison could be ordered to remain on supervised release for up to 44 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Moddison's supervised release should be revoked. Moddison should be sentenced to custody for 6 months, with 38 months of supervised release to follow. During the first 180 days of supervised release, Moddison shall be placed in a residential reentry center as directed by his probation officer. If such placement is not possible within the first 180 days, Moddison shall be placed in the residential reentry center as soon as practicable thereafter, at the direction of his probation officer. During the term of his supervised release, Moddison shall not be subject to home confinement or location monitoring.

### IV.    Conclusion

The Court informed Moddison that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Moddison of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Moddison that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That RUSSELL ROBERT MODDISON has violated the conditions of his supervised release by: (1) failing to report to his probation officer as directed on May 24, 2025; (2) failing to comply with the rules and regulations of his location monitoring program on May 28, 2025; (3) failing to comply with substance abuse testing requirements on May 28, 2025; (4) failing to comply with the rules and regulations of his location

monitoring program on May 29, 2025; (5) failing to comply with the rules and regulations of his location monitoring program on May 30, 2025; (6) failing to comply with the rules and regulations of his location monitoring program on May 31, 2025; (7) failing to comply with the rules and regulations of his location monitoring program on June 1, 2025; (8) failing to comply with the rules and regulations of his location monitoring program on June 2, 2025; (9) failing to be employed for at least 30 hours per work between May 29, 2025 and June 2, 2025 without the approval of his probation officer; (10) failing to comply with the rules and regulations of his location monitoring program on June 3, 2025; (11) failing to comply with the rules and regulations of his location monitoring program on June 4, 2025; and (12) failing to comply with the rules and regulations of his location monitoring program on June 5, 2025; (13) failing to be employed for at least 30 hours per work between June 3, 2025 and June 6, 2025 without the approval of his probation officer; (14) failing to advise his probation officer of a change of residence within seventy-two hours of becoming aware of a change in residence or expected change in residence; (15) failing to comply with the rules and regulations of his location monitoring program on June 8, 2025; (16) failing to report to his probation officer on June 12, 2025 as instructed; and (17) using methamphetamine between May 28, 2025 and June 4, 2025.

The Court **RECOMMENDS**:

That the District Court revoke Moddison's supervised release and sentence Moddison to custody for 6 months, with 38 months of supervised release to follow. During the first 180 days of supervised release, Moddison shall be placed in a residential reentry center as directed by his probation officer. If such placement is not possible within the first 180 days, Moddison shall be placed in the residential reentry center as soon as practicable thereafter, at the direction of his probation officer. During the term of his supervised release, Moddison shall not be subject to home confinement or location monitoring.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of June 2025.

John Johnston
United States Magistrate Judge