IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    vs.<br><br><br>RUSSELL ROBERT MODDISON,<br><br>        Defendant. | CR-20-27-GF-BMM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on June 27, 2025. (Doc. 72.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on June 24, 2025 (Doc. 67.) The United States accused Russell Moddison (Moddison) of violating the

conditions of his supervised by: (1) failing to report to his probation officer as directed on May 24, 2025; (2) failing to comply with the rules and regulations of his location monitoring program on May 28, 2025; (3) failing to comply with substance abuse testing requirements on May 28, 2025; (4) failing to comply with the rules and regulations of his location monitoring program on May 29, 2025; (5) failing to comply with the rules and regulations of his location monitoring program on May 30, 2025; (6) failing to comply with the rules and regulations of his location monitoring program on May 31, 2025; (7) failing to comply with the rules and regulations of his location monitoring program on June 1, 2025; (8) failing to comply with the rules and regulations of his location monitoring program on June 2, 2025; (9) failing to be employed for at least 30 hours per work between May 29, 2025 and June 2, 2025 without the approval of his probation officer; (10) failing to comply with the rules and regulations of his location monitoring program on June 3, 2025; (11) failing to comply with the rules and regulations of his location monitoring program on June 4, 2025; (12) failing to comply with the rules and regulations of his location monitoring program on June 5, 2025; (13) failing to be employed for at least 30 hours per work between June 3, 2025 and June 6, 2025 without the approval of his probation officer; (14) failing to advise his probation officer of a change of residence within seventy-two hours of becoming aware of a change in residence or expected change in residence; (15) failing to comply with the

rules and regulations of his location monitoring program on June 8, 2025; and (16) failing to report to his probation officer on June 12, 2025 as instructed; and by (17) using methamphetamine between May 28, 2025 and June 4, 2025 (Docs. 63 and 66.)

At the revocation hearing, Moddison admitted that he had violated the conditions of supervised release as set forth in allegations 1-17 of the Amended Petition. (Doc. 67.)

Judge Johnston found that violations Moddison admitted prove serious and warrants revocation of his supervised release and recommends a term of custody of 6 months, with 38 months of supervised release to follow with the first 180 days of supervised release, Moddison be placed in a residential reentry center as directed by his probation officer. If such placement is not possible within the first 180 days, Moddison shall be placed in the residential reentry center as soon as practicable thereafter, at the direction of his probation officer. During the term of his supervised release, Moddison shall not be subject to home confinement or location monitoring. (Doc. 72.) The Court advised Moddison of his right to appeal and to allocute before the undersigned. (Doc. 67.)

The violations prove serious and warrants revocation of Moddison's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 72) are **ADOPTED IN FULL. IT IS FURTHER ORDERED** that Russell Robert Moddison be sentenced to 6 months custody, with 38 months of supervised release to follow with the first 180 days of supervised release spent in a residential reentry center as directed by his probation officer. If such placement is not possible within the first 180 days, Moddison shall be placed in the residential reentry center as soon as practicable thereafter, at the direction of his probation officer. During the term of his supervised release, Moddison shall not be subject to home confinement or location monitoring.

DATED this 14th day of July 2025.

Brian Morris, Chief District Judge
United States District Courts