IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL ROBERT MODDISON,<br><br>Defendant. | CR 20-27-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Russell Robert Moddison (Moddison) has been accused of violating the conditions of his supervised release. (Docs. 76 and 79). Moddison admitted most of the violations. Moddison's supervised release should be revoked. Moddison should be sentenced to custody for 9 months, with 29 months of supervised release to follow.

**Status**

On August 19, 2020, Moddison pleaded guilty to the offense of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 as charged in Count 2 of the Indictment.

(Doc. 22) Moddison was sentenced to 72 months of custody, followed by 4 years of supervised release. (Doc. 39). Moddison's current term of supervised release began on December 18, 2025.

**Petition**

On July 13, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Moddison's supervised release. (Doc. 76). The Petition alleged Moddison violated the conditions of his supervised release by: (1) failing to comply with mental health treatment on June 29, 2026; (2) failing to report to his probation officer on June 30, 2026, as instructed; (3) failing to report to his probation officer on July 7, 2026, as instructed; (4) failing to comply with substance abuse testing requirements on July 7, 2026; (5) being untruthful with his probation officer about maintaining employment and about where he was working during July of 2026; (6) failing to reside in a residence approved by his probation officer during July of 2026, by providing his probation officer with a false address, and with his whereabouts unknown since that time; (7) failing to comply with substance abuse testing requirements on July 9, 2026; and (8) failing to comply with mental health treatment on July 10, 2026.

**Amended Petition**

On July 24, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Moddison's supervised release. (Doc. 79) The Amended Petition alleged Moddison additionally violated the conditions of his supervised release by: (9) being charged on July 14, 2026, by the Great Falls Police Department with the misdemeanor offense of Fleeing From or Eluding a Peace Officer in violation of Mont. Code. Ann. § 61-8-316.

**Initial Appearance**

Moddison appeared before the Court on August 3, 2026. Moddison was represented by counsel. Moddison stated that he had read the Petition and that he understood the allegations against him. Moddison waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Moddison appeared before the Court on August 3, 2026. Moddison admitted that he had violated the conditions of supervised release as set forth as allegations 1-8 in the Amended Petition. The Government moved to dismiss allegation 9, which the Court granted. Moddison's violations, 1-8, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Moddison appeared before the Court on August 3, 2026. Moddison's violations are Grade C. His criminal history category is IV. Moddison's underlying offense is a Class B felony. Moddison could be incarcerated for up to 36 months. Moddison could be ordered to remain on supervised release for up to 38 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Moddison's supervised release should be revoked. Moddison should be sentenced to custody for 9 months, with 29 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Moddison that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Moddison of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Moddison that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That RUSSELL ROBERT MODDISON has violated the conditions of his supervised release by: (1) failing to comply with mental health treatment on June 29, 2026; (2) failing to report to his probation officer on June 30, 2026, as instructed; (3) failing to report to his probation officer on July 7, 2026, as instructed; (4) failing to comply with substance abuse testing requirements on July 7, 2026; (5) being untruthful with his probation officer about maintaining employment and about where he was working during July of 2026; (6) failing to reside in a residence approved by his probation officer during July of 2026, by providing his probation officer with a false address, and with his whereabouts unknown since that time; (7) failing to comply with substance abuse testing requirements on July 9, 2026; and (8) failing to comply with mental health treatment on July 10, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Moddison's supervised release and sentence Moddison to custody for 9 months, with 29 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of August 2026.

John Johnston
United States Magistrate Judge